GLICKSTEIN, Judge,
concurring specialty-
I concur that the trial court erred in awarding summary judgment to the bank. As to what the trial court should do on remand, the record shows that the bank pled as an affirmative defense the failure of the plaintiff/beneficiary of the letter of credit to comply with its terms. There was no more specificity than this and none was apparently needed as the plaintiff filed a reply, first denying the contention,[1] then alleging that the bank had waived this defense by its failure “to promptly inform plaintiff of the deficiency in its demand.” In short, the trial court must address all of the issues properly raised by the parties’ pleadings.

. Florida Rules of Civil Procedure 1.100(a) contemplates a reply which contains an avoidance to the affirmative defense. The trial court would assume that the affirmative defense was denied without the necessity of a reply.